Honorable Robert Sise Chief Administrative Judge Office of Court Administration
Your counsel has asked whether the 11 additional judgeships on the New York City Civil Court authorized by chapter 500 of the Laws of 1982 may be filled by appointment, since the Legislature has failed to designate districts for the offices, thus precluding an election in November, 1983.
Chapter 500 authorized creation of 98 new judgeships within the Unified Court System, including 11 on the City Civil Court, which was increased from 120 to 131 judges. The statute provides, in pertinent part:
 "* * * The civil court of the city shall consist of one hundred thrity-one judges * * *.
* * *
 "The eleven additional judges of the civil court of the city of New York authorized by this act shall be chosen by the electors of the counties included within the city of New York from districts within such counties as shall be established by law.
 "* * * This act shall take effect immediately * * * provided * * * however, that the additional [civil court judges] shall be first elected at the general election to be held in November, nineteen hundred eighty-three and shall take office on January first, nineteen hundred eighty-four * * *." (Emphasis supplied.)
The Legislature has failed to prescribe the districts from which occupants of these eleven judgeships were to be selected at the November, 1983 general election, and, consequently, these offices were not filled at that election as the statute requires. Thus, you have raised the question whether these offices may be declared vacant and filled by appointment on an interim basis under Article VI, § 21(c) of the State Constitution until the Legislature enacts implementing legislation mandated by chapter 500 and an election can be held. Article VI, § 21(c) permits the mayor to fill temporarily a vacancy occuring otherwise than by expiration of term in the office of judge of the City Civil Court. This raises the question whether the 11 additional judgeships have been created, so that they may be deemed vacant under section 30(2) of the Public Officers Law, which provides:
 "When a new or an additional office shall be created, such office shall for the purposes of an appointment or election, be vacant from the date of its creation, until it shall be filled by election or appointment."
Chapter 500 provided for 11 new judgeships, with the first incumbents to serve upon being elected at the November, 1983 election to terms commencing on January 1, 1984. It is clear from the legislative history of chapter 500 that the intent was to establish these positions as of January 1, 1984 (see, Governor's Memorandum and Budget Report, dated July 8, 1982, in relation to Senate Int 10481, later enacted as chapter 500). However, we believe that the designation of district lines and an election in November, 1983 to fill the offices as of January 1, 1984 are necessary conditions to the creation of these offices. The language of the statute is compelling. Section 8 of chapter 500 provides that the statute "shall take effect immediately", but adds to this a proviso, "provided * * * however, that the additional [civil court judges] shall be first elected at the general election to be held in November, nineteen hundred eighty-three and shall take office on January first, nineteen hundred eighty-four." We believe that by this language the Legislature intended that the first incumbents to these judgeships were to be elected rather than appointed and that the conduct of an election in November, 1983 was a condition to the creation of these judgeships. Language in the Governor's Memorandum, supra, supports this interpretation.
 "New York City Family Court and New York City Criminal Court judgeships, which are mayoral appointments, will be created effective December 1, 1982.
 "Elections for the remaining judicial positions will be held in November 1982, with terms of office to commence January 1, 1983; except that the election of the New York City Civil Court judges will be held in November 1983, with terms of office to commence January 1, 1984, on Civil Court district lines to be established by legislation." (Emphasis provided.)
Thus, it appears to have been the Legislature's intention that the election of judges at the November election along district lines is a prerequisite to the creation of these judgeships.
Further, we believe that a compelling conclusion must be drawn that the offices are not complete, and hence not created, until the election district lines have been drawn by the Legislature. Certainly it cannot be disputed that the establishment of districts is an integral part of the offices. It follows that if the offices have not been created, no vacancies can exist.
This is to be contrasted with the typical situation where, for example, an elective office has been established, but cannot be filled by election until the next general election. Without any qualifying language by the Legislature or necessity of further action to define districts or other characteristics of the office, section 30(2) of the Public Officers Law would permit an appointment to fill the office until the office could be filled by election at the general election. In our opinion, however, it was never envisioned that section 30(2) would be utilized to permit appointments under circumstances as those affecting these New York City Civil Court judgeships. The period of appointment(s) in this case would be unknown, since an election could not be held until the Legislature acts to define the districts. To permit appointments for undefined and potentially lengthy periods is inconsistent with the premise underlying elective offices, that is, that the people be given the opportunity to make the choice. Thus, Article VI, § 21(c) of the State Constitution authorizes the mayor to fill a vacancy in the office of New York City Civil Court judge, but only until the last day of December, prior to which an election must be held to fill the office. However, there is no assurance that the Legislature will timely create the districts so as to realize the Constitution's purpose of guaranteeing an early election. A question exists, under the Constitution, whether the mayor would be authorized to make a further appointment to fill the offices as of January 1, 1985. These are additional reasons for concluding that these judgeships have not been created and that accordingly no vacancies exist that may be filled.
We conclude that the 11 additional judgeships on the New York City Civil Court authorized by chapter 500 of the Laws of 1982 may not be filled by appointment. It was the intent of the Legislature that these judges first be elected from districts established by law.